[Cite as *State v. Lariche*, 2020-Ohio-804.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :

                              No. 108512

    v.                                :

MICHAEL LARICHE,                        :

    Defendant-Appellant.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** March 5, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-13-575887-C, CR-15-595648-A, and CR-16-611898-A

---

***Appearances:***

Olivia A. Myers, *for appellant.*

LARRY A. JONES, SR., J.:

{¶ 1} Defendant-appellant Michael Lariche ("Lariche") filed a notice of appeal of the trial court's April 2, 2019 judgments resentencing him pursuant to this court's mandate in *State v. Lariche*, 8th Dist. Cuyahoga No. 106106, 2018-Ohio-3581. Lariche was appointed counsel, and after counsel's review of the record, she filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), seeking leave to withdraw as counsel and dismiss the appeal.

For the reasons that follow, we grant counsel's request to withdraw and dismiss the appeal.

{¶ 2} This appeal involves drug-related charges brought against Lariche in three cases: Cuyahoga C.P. Nos. CR-13-575887-C, CR-15-595648-A, and CR-16-611898-A. In the first two cases, Lariche violated his community control sanctions, and in the third case he was charged with escape for removing his court-ordered GPS monitoring device. After Lariche had violated his community control sanctions several times, the trial court terminated the sanctions and sentenced Lariche to a five-year prison term, which included consecutive terms. Lariche appealed, challenging the sentence.

{¶ 3} This court found that the trial court failed to make all the statutorily mandated findings for the imposition of consecutive terms under R.C. 2929.14(C)(4) and incorporate the findings into the sentencing entries as required by *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659; this court therefore reversed the consecutive sentences and remanded for resentencing. *Lariche* at ¶ 25-28. On remand, the trial court held a resentencing hearing and again sentenced Lariche to an aggregate five-year prison sentence, which included consecutive terms. This appeal follows.

{¶ 4} As mentioned, based on the belief that no prejudicial error occurred in the trial court and that any ground for appeal would be frivolous, Lariche's counsel filed a motion to withdraw and dismiss the appeal under the authority of *Anders.* This court granted Lariche approximately a month and a half after counsel's

motion was filed to submit a pro se brief. That time has expired and no brief has been filed.

{¶ 5} In *Anders*, the United States Supreme Court outlined the procedure that counsel must follow to withdraw due to the lack of any meritorious grounds for appeal. Specifically, if appointed counsel, after a conscientious examination of the case, determines the appeal to be wholly frivolous, he or she should advise the court of that fact and request permission to withdraw. *Anders,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, at 744. However, the request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel must also furnish the client with a copy of the brief, and the defendant must be allowed sufficient time to file his or her own brief, pro se. *Id.*

{¶ 6} When these requirements have been met, the appellate court must complete an independent examination of the trial court proceedings to determine whether the appeal is "wholly frivolous." *Id.* If the court, in its independent review, determines that a possible issue exists, it must discharge current counsel and appoint new counsel to prosecute the appeal. *Id.* If, however, the court determines that the appeal is wholly frivolous, the appellate court will grant counsel's motion to withdraw and dismiss the appeal. *Id.*

{¶ 7} Former Loc.App.R. 16(C) of the Eighth District Court of Appeals set forth the procedure regarding *Anders* briefs and defense counsel's motions to withdraw. The rule was amended, effective February 1, 2019, however, and now no longer includes any procedure on *Anders* briefs and motions to withdraw. This

court has decided that the "absence of a local rule governing *Anders* briefs does not prevent [it] from accepting these briefs nor from following the procedure the United States Supreme Court outlined in *Anders*." *State v. Sims*, 8th Dist. Cuyahoga No. 107724, 2019-Ohio-4975, ¶ 9. "As a result, we will continue to adhere to the procedures outlined in *Anders* pertaining to both counsel and the court when appointed appellate counsel files a motion to withdraw because an appeal would be wholly frivolous." *Id.* at ¶ 14.[1]

**Potential Issue for Review under *Anders***

{¶ 8} Lariche's appointed counsel reviewed the record relating to the resentencing (the only issue that could be appealed), and concluded that she could not make any meritorious arguments on Lariche's behalf. Nonetheless, she presents the imposition of consecutive sentences as a possible assignment of error for our *Anders* review.

{¶ 9} Our review of felony sentences is under the standard provided in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. Under R.C. 2953.08(G)(2), a reviewing court may overturn the imposition of consecutive sentences only if it clearly and convincingly finds that

---

[1]*See Sims* for discussion involving different Ohio appellate courts' views on *Anders* briefs, and this court's ultimate decision that "until the Ohio Supreme Court resolves the split among the Ohio Appellate Districts regarding the application of *Anders* * * *, we decline to adopt the reasoning" of the districts that no longer accept motions to withdraw pursuant to *Anders*. *Id.* at ¶ 14.

either (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

{¶ 10} Before a trial court may impose consecutive sentences, the court must make specific findings mandated by R.C. 2929.14(C)(4) and then incorporate those findings in the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. The trial court is not required to state its reasons to support its findings, nor is it required to give a rote recitation of the statutory language. *Id.* "As long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 11} R.C. 2929.14(C)(4) authorizes the court to order consecutive service of multiple sentences if it finds that (1) it is necessary to protect the public from future crime or to punish the offender; (2) it is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one of the following applies (a) the offender committed the offense while awaiting trial or sentencing, under community control monitoring, or under postrelease control for a prior offense; (b) at least two of the offenses caused harm so great and unusual that no single term for any offense adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates the necessity of consecutive sentences to protect the public from future crime. *State v. Smeznik*, 8th Dist. Cuyahoga Nos. 103196 and 103197, 2016-Ohio-709, ¶ 6.

{¶ 12} In the first case (Case No. CR-575887-C), the trial court sentenced Lariche to concurrent terms on each of the two counts, to be served consecutive to the sentences in the other two cases (Case Nos. CR-595648-A and CR-611898-A), and the trial court made the following findings on the record:

> The Court finds [consecutive sentences] are necessary to protect the public and punish the offender and not disproportionate to the seriousness of the conduct, and the crimes were committed while awaiting trial or sentencing or under sanction or under postrelease control, and that the offender's criminal history shows that consecutive terms are necessary to protect the public.

{¶ 13} The second instance in which the trial court imposed consecutive sentences was in Case No. CR-611898-A, where it ordered the sentence on the sole count to run consecutive to the sentences in the other two cases (Case Nos. CR-575887-C and CR-595648-A). In doing so, the court made the following findings:

> The Court finds that [consecutive sentences are] necessary to protect the public and punish the offender and not disproportionate to the seriousness of the conduct, and the crimes were committed while awaiting trial or under sentencing or under sanction or under postrelease control, and that the offender's criminal history shows that consecutive terms are needed to protect the public.

{¶ 14} The findings were repeated in the trial court's sentencing judgment entries. Therefore, the trial court made the statutorily mandated findings for the imposition of consecutive sentences and incorporated those findings into its sentencing judgment entries as required under *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 15} Upon further review, we do not find, by clear and convincing evidence, that the record does not support the trial court's consecutive sentence

findings, or that the sentence is otherwise contrary to law.  On this record, therefore, we find counsel's request to withdraw well taken.

{¶ 16} Accordingly, pursuant to *Anders*, counsel's request to withdraw is granted, and the appeal is dismissed.

{¶ 17}  Dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

EILEEN T. GALLAGHER, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR