[Cite as *State v. Taylor*, 2020-Ohio-909.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108200 |
| v. | : | |
| BRYANT D. TAYLOR, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** March 12, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-14-586331-B

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Hannah Smith, Assistant Prosecuting Attorney, *for appellee.*

Erin R. Flanagan, *for appellant.*

Bryant D. Taylor, *pro se.*

PATRICIA ANN BLACKMON, J.:

{¶ 1} Bryant D. Taylor ("Taylor") appeals from the trial court's judgment following his resentencing hearing. Taylor's assigned appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493

(1967), seeking to withdraw as counsel. Counsel's conclusion was that Taylor was not prejudiced at the resentencing hearing. Upon review of the record, we grant counsel's motion to withdraw and dismiss this appeal.

{¶ 2} On November 9, 2015, Taylor pled guilty to drug trafficking and possession of criminal tools, and on December 15, 2015, the court sentenced him to 36 months in prison. The court ordered that this sentence be served consecutive to a 78-month sentence Taylor received for violating federal drug laws in *United States v. Taylor*, S.D.W.V. No. 3:14-cr-00134 (2015).

{¶ 3} On June 29, 2017, this court affirmed Taylor's convictions but remanded the case to the trial court for resentencing, specifically, "for the limited purpose of determining whether consecutive sentences should be imposed." *State v. Taylor*, 8th Dist. Cuyahoga No. 104892, 2017-Ohio-5580 ("*Taylor I*"). On November 19, 2018, pursuant to our remand, the trial court resentenced Taylor to the same 36 months in prison, determining that this sentence should run consecutive to his federal sentence. It is from this order that Taylor appeals.

**Anders Standard**

{¶ 4} This court recently reviewed the *Anders* standard in *State v. Collins*, 8th Dist. Cuyahoga No. 107565, 2019-Ohio-1534, ¶ 11-13:

> *Anders* outlines the procedure counsel must follow to withdraw because of the lack of any meritorious grounds for appeal. In *Anders*, the United States Supreme Court held that if appointed counsel, after a conscientious examination of the case, determines the appeal to be wholly frivolous, he or she should advise the court of that fact and request permission to withdraw. *Id.*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. This request, however, must be accompanied by a brief

identifying anything in the record that could arguably support the appeal. *Id.* Counsel must also furnish the client with a copy of the brief, and allow the client sufficient time to file his or her own brief, pro se. *Id.*

Once appellate counsel satisfies these requirements, this court must fully examine the proceedings below to determine if any arguably meritorious issues exist. *Id.*; former Loc.App.R. 16(C). If we determine that the appeal is wholly frivolous, we may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or we may proceed to a decision on the merits if state law so requires. *Anders* at 744; former Loc.App.R. 16(C).

## Potential Assigned Error

{¶ 5} Appellate counsel's *Anders* brief states that a "legal question might exist as to whether the trial court appropriately understood this Court's sentencing remand to dictate the re-imposition of consecutive sentences rather than acknowledging that it had the discretion to order Appellant's state sentence to be served concurrent to his federal sentence."

{¶ 6} It is undisputed that the imposition of consecutive sentences lies within the trial court's discretion. R.C. 2929.14(C)(4) ("If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively * * *"). Additionally, Ato impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *.@ *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, & 37.

{¶ 7} At Taylor's resentencing hearing, the trial court stated that, on remand, "all [the court of appeals] said is we need to make the relevant findings." The trial court then made the relevant statutory findings and sentenced Taylor to 36 months in prison to run consecutive to his federal sentence. Nothing in the transcript indicates that the trial court misunderstood the standard under which it may sentence an offender to consecutive prison terms. Accordingly, we determine that this potential assigned error is not meritorious.

**Pro Se Issues**

{¶ 8} Taylor's pro se brief in this appeal is a literal copy of the brief filed by his appellate counsel in his direct appeal, *Taylor I.* Indeed, the copy of the brief includes the electronic time stamp, certificate of service, and signature of his former counsel from *Taylor I.*

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment or conviction or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶ 9} The four assigned errors raised by Taylor, pro se, in this appeal are identical to the four assigned errors raised and ruled on in *Taylor I.* These assigned errors are barred by the doctrine of res judicata. Furthermore, to the extent that these issues challenge Taylor's sentence after his resentencing hearing, we hold that because Taylor served his sentence in its entirety, these issues are moot. Following

our independent review of the record, we find that no meritorious argument exists and an appeal would be wholly frivolous.  Appellate counsel's request to withdraw is granted, and this appeal is dismissed.

{¶ 10}  Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, JUDGE

EILEEN T. GALLAGHER, A.J., and
RAYMOND C. HEADEN, J., CONCUR