[Cite as *State v. Ruffin*, 2020-Ohio-5085.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Nos. 109134 and 109135 |
| v. | : | |
| RASHDI RUFFIN, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** October 29, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-635068-B and CR-19-637333-A

### *Appearances:*

Jonathan N. Garver, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} In December 6, 2018, in Cuyahoga C.P. No. CR-18-635068, the Cuyahoga County Grand Jury returned an 86-count indictment against defendant-appellant, Rashdi Ruffin ("Ruffin"). After plea negotiations, on September 4, 2019, Ruffin pleaded guilty to one count of engaging in a pattern of corrupt activity, a first-degree felony, in violation of R.C. 2923.32(A)(1); 15 counts of burglary, second-degree felonies, in violation of R.C. 2911.12(A)(2); one count of receiving stolen

property, a fourth-degree felony, in violation of R.C. 2913.51(A); 11 counts of aggravated robbery, first-degree felonies, in violation of R.C. 2911.01(A)(1); four counts of felonious assault, fourth-degree felonies, in violation of R.C. 2903.11(A)(1); and five counts of having a weapon while under a disability, third-degree felonies, in violation of R.C. 2923.13(A)(2). On October 7, 2019, the trial court sentenced Ruffin to 33 years' imprisonment.

{¶ 2} On March 5, 2019, in Cuyahoga C.P. No. CR-19-637333, Ruffin was charged with one-count of receiving stolen property, a fourth-degree felony, in violation of R.C. 2913.51(A). On September 4, 2019, Ruffin pleaded guilty and was sentenced to 18-months' imprisonment to be served consecutively to the 33-year sentence received in Cuyahoga C.P. No. CR-18-635068.[1] Before the trial court sentenced Ruffin, he made an oral motion to withdraw his guilty pleas. The trial court conducted a hearing on the motion and denied Ruffin's request.

{¶ 3} Counsel appointed to represent Ruffin in the instant appeal has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and requested leave to withdraw as counsel. *Anders* held that where, after a conscientious examination of the case, appellate counsel is unable to find any meritorious issues for review, then counsel should inform the court and request permission to withdraw from the case. *Id.* at 744. In addition, the request must be

---

[1] On November 1, 2019, this court issued an order, sua sponte, directing that the appeals in Cuyahoga C.P. No. CR-18-635068 and Cuyahoga C.P. No. CR-19-637333 proceed as consolidated appeals for briefing, hearing, and disposition.

accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.*

**{¶ 4}** Counsel offers that there are no meritorious arguments in this case, and asks this court to permit him to withdraw. Ruffin was afforded an opportunity to file a pro se brief in this appeal on or before April 13, 2020. As of this writing, Ruffin has not filed a brief. After a thorough review of the record, we grant counsel's motion to withdraw and dismiss this appeal.

## I. Discussion of Potential Assignment of Errors

### A. Presentence Motion to Withdraw Guilty Plea

**{¶ 5}** Counsel identified a possible assignment of error regarding the trial court's denial of Ruffin's presentencing motion to withdraw his guilty pleas. Crim.R. 32.1 reads: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended * * *." Although "a presentence motion to withdraw a guilty plea should be freely and liberally granted," "a defendant does not have an absolute right to withdraw a plea prior to sentencing." *State v. Campbell*, 8th Dist. Cuyahoga No. 105488, 2018-Ohio-681, ¶ 8, quoting *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). "A

mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a plea." *Id.*, quoting *State v. Bloom*, 8th Dist. Cuyahoga No. 97535, 2012-Ohio-3805, ¶ 13.

**{¶ 6}** Additionally,

> "[e]ven though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * *" (Citations omitted.)

*Campbell* at ¶ 9, quoting *State v. Peterseim*, 68 Ohio App.2d 211, 213-214, 428 N.E.2d 863 (8th Dist.1980).

**{¶ 7}** In determining whether the trial court abused its discretion by denying a defendant's motion to withdraw a plea, we consider the following factors: (1) whether the accused was represented by competent counsel; (2) whether the accused was afforded a full hearing pursuant to Crim.R. 11 before he entered the plea; (3) whether, after the motion to withdraw was filed, the accused was given a complete and impartial hearing on the motion; and (4) whether the record reveals that the court gave full and fair consideration to the plea-withdrawal request. *Peterseim* at paragraph three of the syllabus.

**{¶ 8}** A review of the record reveals that Ruffin was represented by highly competent counsel and that he was afforded a full hearing pursuant to Crim.R. 11 before Ruffin entered into his plea. The motion to withdraw was an oral motion to

the court. Ruffin argued that he pleaded to nine years of mandatory time, with a sentencing range of 25 to 35 years. However, the trial court sentenced Ruffin to 33 years' imprisonment, which is within the sentencing range of the plea agreement made between Ruffin and the state. The trial court conducted a complete and impartial hearing on Ruffin's motion. Finally, reviewing the record reveals that the trial court gave full and fair consideration to Ruffin's plea withdrawal request before denying his motion.

{¶ 9} Therefore, there is no merit to Ruffin's motion to withdraw his guilty pleas.

### B. Excessive Sentencing

{¶ 10} Counsel also considered whether Ruffin could argue that his 33-year sentence is excessive. R.C. 2953.08(D)(1) limits our ability to review an agreed sentence. R.C. 2953.08(D)(1) states:

> A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

{¶ 11} "[A] sentence that is within the authorized statutory ranges for the offenses and comports with all mandatory sentencing provisions is authorized by law." *State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791, ¶ 23 (8th Dist.). The sentence Ruffin received for the 37 counts he pleaded guilty to is within the authorized statutory range. Additionally, the plea agreement entered into included a jointly recommended prison sentence for both cases in the range of 25-35 years in prison.

"A sentence that is authorized by law and imposed within a jointly recommended sentencing range is not subject to appellate review." *Id.*

## C. Consecutive Sentences

**{¶ 12}** Counsel identified that Ruffin could argue that the trial court failed to make the statutory findings to sentencing him to consecutive sentences. In order to impose consecutive sentences, the trial court must find that

> (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and (3) at least one of the following applies:
>
> > (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.
> >
> > (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
> >
> > (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

**{¶ 13}** At sentencing, the trial court stated, "I also find that a consecutive prison sentence is necessary to protect the community and to punish you, and it's

not disproportionate, and I find that the harm was so great or unusual that a single term does not adequately reflect the seriousness of your conduct." (Tr. 234.)

> When imposing consecutive sentences, the trial court is not required to give a "talismanic incantation of the words of the statute." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29; *see also State v. Thomas*, 8th Dist. Cuyahoga No. 102976, 2016-Ohio-1221, ¶ 16 ("the trial court's failure to employ the exact wording of the statute does not mean that the appropriate analysis is not otherwise reflected in the transcript or that the necessary finding has not been satisfied"). When considering whether the trial court has made the requisite findings, we must view the trial court's statements on the record "in their entirety." *See, e.g., State v. Blevins*, 2017-Ohio-4444, 93 N.E.3d 246, ¶ 21, 23 (8th Dist.).

*State v. Hicks*, 8th Dist. Cuyahoga No. 107055, 2019-Ohio-870, ¶ 12.

{¶ 14} From the record, there is sufficient evidence to support the trial court's findings, and sentence Ruffin to consecutive sentences. However, "a trial court is not required to make the consecutive sentence findings mandated by R.C. 2929.14(C)(4) when a defendant is being sentenced as part of a negotiated plea agreement which includes an agreed sentence." *State v. Pulliam*, 4th Dist. Scioto No. 14CA3609, 2015-Ohio-759, ¶ 12. (Internal citations omitted.) *See, e.g., State v. Williams*, 8th Dist. Cuyahoga No. 109091, 2020-Ohio-4467, ¶ 43 (where defendant's sentence was imposed pursuant to a joint recommendation, appellate court does not need to discuss or analyze whether the trial court made the consecutive sentencing findings in order to determine that the defendant's sentence was authorized by law).

## D. Cruel and Unusual Punishment

**{¶ 15}** Finally, counsel considered whether Ruffin's punishment could be considered cruel and unusual because Ruffin is 19 years old.

> ""'[A] sentence does not violate the constitutional prohibition against cruel and unusual punishment if it is not so greatly disproportionate to the offense as to "shock the sense of justice of the community."'" *State v. Barnes*, 136 Ohio App.3d 430, 434, 736 N.E.2d 958 (2000), quoting *State v. Chaffin*, 30 Ohio St.2d 13, 17, 282 N.E.2d 46 (1972); *State v. O'Shannon*, 44 Ohio App.3d 197, 542 N.E.2d 693 (1988). As an appellate court, we must give deference to the General Assembly because they have broad authority in determining the punishments for crimes. *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637. We must also give deference to the trial court's discretion in sentencing convicted defendants. *Id.*

*State v. Johnson*, 8th Dist. Cuyahoga No. 93004, 2010-Ohio-2214, ¶ 19.

**{¶ 16}** The record reveals that Ruffin committed these crimes when he was an adult, not a juvenile. Additionally, he pleaded guilty to 38 counts, consisting of numerous first-, second-, third-, and fourth-degree felonies. The sentence was agreed upon between the state and Ruffin. Therefore, the sentence does not violate the constitutional prohibition against cruel and unusual punishment.

**{¶ 17}** As required by *Anders*, this court has completed a full examination of all the proceedings. We conclude that there are no arguable legal points on the merits of this matter. We determine that this appeal is wholly frivolous pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

**{¶ 18}** Counsel's request to withdraw is granted and we dismiss this appeal.

**{¶ 19}** Judgment is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, J., CONCURS;
SEAN C. GALLAGHER, P.J., DISSENTS WITH SEPARATE OPINION

SEAN C. GALLAGHER, P.J., DISSENTING:

{¶ 20} I respectfully dissent. I do not believe that permitting appointed counsel to withdraw from the case serves the fundamental interest in ensuring that all defendants have access to legal counsel throughout the entire criminal process. I share the belief that this district should eliminate the *Anders* procedure based on the reasoning set forth in the dissenting opinion in *State v. Sims*, 2019-Ohio-4975, 149 N.E.3d 1143, ¶ 37 (8th Dist.) (Boyle, J., dissenting), and for a more practical reason exemplified by the current case. A motion to withdraw as appointed counsel accompanied by an *Anders* brief is meant to alleviate the ethical conundrum created by the pressures imposed on appointed counsel to present nonfrivolous arguments as weighed against the obligation to provide zealous advocacy. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). As a whole, courts have lost sight of the intent behind *Anders*, and have essentially granted leave to withdraw based on the conclusion that there is no merit to the proposed argument, instead of the extraordinary standard that any argument would be "wholly frivolous" under

*Anders* at 744. Majority Opinion, ¶ 3; *State v. Williams*, 8th Dist. Cuyahoga No. 108724, 2020-Ohio-3802, ¶ 4 (finding reasonable grounds for the defendant's pro se briefing filed following notice of his counsel's intent to withdraw, but permitting counsel to withdraw as counsel based on the *Anders* standard); *State v. Taylor*, 8th Dist. Cuyahoga No. 108200, 2020-Ohio-909, ¶ 7 (granting leave to withdraw based on the arguments presented being meritless); *State v. Lariche*, 8th Dist. Cuyahoga No. 108512, 2020-Ohio-804, ¶ 15 (finding no merit to the potential argument presented in the motion to withdraw).

{¶ 21} Issues are capable of being missed through the watered-down version of the *Anders* procedures without appellate intervention. *See, e.g., State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 7 (the court of appeals conducted an independent review of the record to determine that a meritorious issue existed warranting full briefing); *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, ¶ 25; *see also State v. Upkins*, 154 Ohio St.3d 30, 2018-Ohio-1812, ____ N.E.3d ____, ¶ 19 (Fischer, J., dissenting) (string citing decisions in which an *Anders* brief was filed and rejected by the appellate court). Although this could be viewed as successful application of the *Anders* review, such intervention comes at a cost. Once the appellate panel intercedes by declaring the existence of nonfrivolous issues contrary to the defendant's own attorney's recommendation, the appellate court essentially acts as an advocate for the then unrepresented defendant. The panel must then proceed to address the merits of the very argument it first identified. It should not be up to the judiciary to advocate on

behalf of a defendant to ensure that the defendant's rights are secured. Our system of justice is an adversarial process, in which the judiciary is the impartial arbiter of the arguments presented. This version of the *Anders* process has proven itself to be flawed. *Upkins* at ¶ 19.

{¶ 22} And moreover, the matter at hand exemplifies the futility of *Anders* when applied in such a broad fashion. Every potential argument presented by counsel in this case has been addressed on its merits by other panels from this district, and the majority uses that catalogue of discussions as the foundation of its own analysis. Nothing distinguishes the current matter from any other case, yet we have permitted Ruffin's counsel to argue against his own client to reach the conclusion that is mandated by *Anders* — that each argument would be wholly frivolous if addressed on the merits. I have no doubt that such a declaration will be short lived and this court will address the very same arguments based on similar facts in the future. I find this outcome both irreconcilable and detrimental to the public's perception of the criminal justice system.

{¶ 23} As the majority concludes, there is no merit to any of the potential arguments advanced, so had counsel simply presented the arguments as assigned errors rather than potential arguments that he concludes are without merit, this case would very well have ended in the same fashion — the conviction would be affirmed. This, however, is not simply a matter of semantics. In permitting counsel to frame this as a withdrawal case, Ruffin has no legal representation and the appeal is dismissed despite the fact that the majority's discussion could have easily been

mistaken for a discussion on the merits.  If we are being true to *Anders* in declaring that the potential arguments are wholly frivolous, and thus counsel is ethically prohibited from presenting the arguments, then that conclusion should bear on our review of future arguments.  Because it will not, I see no reason of taking the extraordinary step of permitting counsel to withdraw in this case to leave the defendant to fend for himself.

{¶ 24} For this reason and those articulated in the dissenting opinion in *Sims*, I dissent.  I would deny the motion and require full briefing in this case with an express declaration that this court will not accept motions from appointed counsel to withdraw from an appeal.