[Cite as *State v. Carson*, 2021-Ohio-209.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                       No. 109592

    v.                                  :

D'ERISE MARCEL CARSON,                   :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** January 28, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-635174-A

---

### *Appearances:*

Scott J. Friedman, *for appellant*.


KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Defendant-appellant, D'Erise Marcel Carson, filed a delayed notice of appeal of his convictions and sentence following his guilty plea. After reviewing the record, Carson's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), seeking leave to withdraw as counsel. Following our independent review, we grant counsel's motion to withdraw and dismiss the appeal.

## I.  Procedural Background

{¶ 2} In Cuyahoga C.P. No. CR-18-635174-A, Carson was named in a five-count indictment charging him with theft, and two counts each of aggravated robbery and having weapons while under disability.  The aggravated robbery counts contained one- and three-year firearm specifications.  Carson pleaded guilty to one count of aggravated robbery with a three-year firearm specification.  The remaining offenses were dismissed.  As part of his plea, he agreed to pay $680 in restitution.

{¶ 3} In Cuyahoga C.P. No. CR-18-626156-B, a six-count indictment charged Carson with trafficking, which contained firearm and schoolyard specifications; drug possession, with a firearm specification; having weapons while under disability; carrying a concealed weapon; improper handling firearms in a motor vehicle; and possessing criminal tools.   All counts contained forfeiture specifications.  Carson pleaded guilty to trafficking, including the schoolyard and forfeiture specifications, and having weapons while under disability, including the forfeiture specification.

{¶ 4} In 2019, the court sentenced Carson in both cases to a total of seven years in prison — concurrent 18 months on each count in Case No. 626156-B to run concurrently with a seven-year sentence in Case No. 635174-A.

## II.  *Anders* Review

{¶ 5} Carson has only appealed his convictions and sentence in Case No. 635174-A; he has not appealed his convictions in Case No. 626156-B.  Based on the belief that no prejudicial error occurred in the trial court and that any grounds for

appeal would be frivolous, Carson's counsel filed a motion to withdraw pursuant to *Anders*. This court entered a judgment entry granting Carson approximately 45 days to file a supplemental pro se brief raising any additional assignments of error. That time has expired, and no supplemental brief has been filed.

{¶ 6} *Anders* outlined a procedure for counsel to follow to withdraw due to the lack of any meritorious grounds for appeal. In *Anders*, the United States Supreme Court held that if counsel thoroughly studies the case and conscientiously concludes that an appeal is frivolous, he may advise the court of that fact and request permission to withdraw from the case. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Counsel's request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* Counsel must also furnish a copy of the brief to his client, and the court must allow time for the appellant to file his own pro se brief. *Id.*

{¶ 7} When these requirements have been satisfied, the appellate court must complete an independent examination of the trial court proceedings to determine whether the appeal is "wholly frivolous." *Id.* If the court, in its independent review, determines that a possible issue exists, it must discharge current counsel and appoint new counsel to prosecute the appeal. *Id.* If, however, the court determines that the appeal is wholly frivolous, the appellate court will grant the motion to withdraw and dismiss the appeal. *Id.*

{¶ 8} This panel recognizes there have been criticisms of the *Anders* approach by some judges of this court. *See, e.g., State Ruffin*, 8th Dist. Cuyahoga

Nos. 109134 and 109135, 2020-Ohio-5085 (S. Gallagher, J., dissenting); *State v. Sims*, 2019-Ohio-4975, 149 N.E.3d 1143 (8th Dist.) (Boyle, J., dissenting) (both would find that the Eighth District should eliminate the *Anders* procedure). Additionally, other districts have declined to accept *Anders* briefs, noting that the procedure outlined in *Anders* is a constitutional safeguard but not a constitutional requirement. *See, e.g., State v. Wilson*, 2017-Ohio-5772, 83 N.E.3d 942 (4th Dist.); *State v. Wenner*, 2018-Ohio-2590, 114 N.E.3d 800 (6th Dist.); *State v. Cruz-Ramos*, 2018-Ohio-1583, 125 N.E.3d 193 (7th Dist.). Despite these criticisms, this court continues to adhere to the procedures announced in *Anders*. *See State v. Taylor*, 8th Dist. Cuyahoga No. 101368, 2015-Ohio-420; *State v. Williams*, 8th Dist. Cuyahoga No. 109847, 2019-Ohio-3766; *State v. J.L.*, 8th Dist. Cuyahoga No. 109626, 2020-Ohio-5254.

{¶ 9} In this case, therefore, we must consider whether to grant counsel's request to withdraw because any appeal would be wholly frivolous. Although Carson's counsel asserts that an appeal in this case is wholly frivolous, he presents two potential errors: (1) whether Carson was competent to enter a knowing, intelligent, and voluntary guilty plea; and (2) whether the court erred in ordering Carson to pay restitution without considering his ability to pay.

**A. Crim.R. 11**

{¶ 10} Counsel raises as a potential error that Carson was not competent to enter a knowing, intelligent, and voluntary guilty plea because he was taking medications for schizoaffective disorder. We have conducted an independent

examination of the record and agree with counsel that the record reflects that Carson was competent and that he entered a knowing, intelligent, and voluntary guilty plea.

{¶ 11} A defendant's guilty plea must be made knowingly, intelligently, and voluntarily, and "[f]ailure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). To ensure that a plea is entered knowingly, intelligently, and voluntarily, Crim.R. 11(C) requires the trial judge to determine whether the criminal defendant is fully informed of his rights, both constitutional and nonconstitutional. The court must also confirm that the defendant understands the consequences of his plea before accepting a guilty plea. *Id.*

{¶ 12} During the plea, Carson informed the court that he was taking medication for schizoaffective disorder. It is well established, however, that a defendant does not lack mental capacity to enter a plea, or that a trial court does not err in accepting a plea, merely because a defendant was suffering from a mental illness or was taking psychotropic medication when he entered the plea. *See, e.g., State v. McClendon*, 8th Dist. Cuyahoga No. 103202, 2016-Ohio-2630, ¶ 16; *State v. Robinson*, 8th Dist. Cuyahoga No. 89136, 2007-Ohio-6831, ¶ 18; *see also State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 71 (the fact that a defendant is taking psychotropic drugs does not negate a defendant's competence to stand trial).

**{¶ 13}** In this case, there is nothing in the record to suggest that there was a concern that Carson was incapable of understanding the proceedings, the nature of the offenses, the rights he would waive by pleading guilty, and the penalties associated with the offenses. His counsel stated that Carson underwent a prior psychological evaluation that revealed that Carson suffered from depressive disorder, not a psychosis disorder. (Tr. 9.) Nevertheless, Carson stated at the plea hearing that he felt "clearheaded" and did not have any trouble understanding the nature of the proceedings. (Tr. at *id.*) At sentencing, counsel assured the court that Carson was competent and assisted in his defense throughout the case. (Tr. 24.)

**{¶ 14}** Our review of the record reveals that that the trial court complied with the dictates of Crim.R. 11(C) before accepting Carson's plea. The trial court advised him of the constitutional rights he would waive by pleading guilty, and Carson acknowledged that he understood those rights. The trial court also advised Carson of the penalties he could face by pleading guilty, which included a discussion that Carson would pay the victim restitution. He acknowledged that he understood the consequences of his plea. The trial court also established that Carson was satisfied with his attorney and that all parties were satisfied that the court complied with Crim.R. 11. Accordingly, we agree with counsel that Carson was competent to enter a guilty plea, which he made knowingly, intelligently, and voluntarily.

**B. Restitution**

**{¶ 15}** Counsel also raises as a potential error that the trial court erred in imposing restitution without considering Carson's ability to pay. The record reflects

that Carson expressly agreed to pay $680 in restitution to the victim as part of his plea agreement. *See* tr. 11. When payment of restitution to the victim is part and parcel of a plea agreement, there is no reversible error in imposing a financial sanction, without first determining the defendant's ability to pay. *State v. McElroy*, 8th Dist. Cuyahoga Nos. 104639, 104640, and 104641, 2017-Ohio-1049; ¶ 53; *State v. St. Martin*, 8th Dist. Cuyahoga No. 96834, 2012-Ohio-1633, ¶ 8 (the stipulation and agreement to pay restitution is sufficient to support the trial court's order and precludes the defendant from complaining about it on appeal). Accordingly, Carson would be precluded from raising on appeal any argument regarding restitution.

## III. Conclusion

{¶ 16} The record reflects that the trial court complied with Crim.R. 11 when it accepted Carson's guilty plea and there is nothing in the record to suggest that Carson did not enter a knowing, intelligent, and voluntary plea. Accordingly, we agree with counsel that any error raised on appeal suggesting otherwise would be wholly frivolous. We also agree with counsel that any error raised challenging restitution would be wholly frivolous because Carson agreed as part of the plea deal to pay the victim restitution. Accordingly, pursuant to *Anders*, counsel's request to withdraw is granted and the appeal is dismissed.

{¶ 17} Dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

LISA B. FORBES, J., and
EILEEN T. GALLAGHER, J., CONCUR