[Cite as *State v. Davis*, 2021-Ohio-2766.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109923 |
| v. | : | |
| MICHAEL DAVIS, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** August 12, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-620566-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, *for appellee.*

Rick Ferrara, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Michael Davis ("Davis"), filed a notice of appeal of the final judgment and sentence of the Cuyahoga County Court of Common Pleas in this case.

{¶ 2} On April 13, 2021, counsel filed a motion to withdraw as counsel of record and dismiss appeal pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel identified only one issue that potentially could be raised, that being:

> The trial court did not sufficiently establish that appellant knowingly and intelligently enter [sic] a plea.

{¶ 3} Counsel, however, determined that appellant was, in fact, properly informed of his rights and knowingly and intelligently waived his constitutional rights pursuant to Crim.R. 11 and he concluded, pursuant to *Anders*, that an appeal based on this issue would be "wholly frivolous."

{¶ 4} Counsel duly served Davis with said motion and this court allowed Davis to file a pro se brief by May 28, 2021. Davis has failed to file his own brief.

{¶ 5} This court has fully examined the proceedings below to determine if any arguably meritorious issues exist. *Id.* And, after a thorough review of the record, we grant counsel's motion to withdraw and dismiss this appeal.

{¶ 6} Accordingly, the appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

LISA B. FORBES, J., CONCURS;
SEAN C. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY WITH SEPARATE ATTACHED OPINION

SEAN C. GALLAGHER, P.J., CONCURRING IN JUDGMENT ONLY:

{¶ 1} I concur in judgment only. This court continues to accept the *Anders* procedure, and I will adhere to that precedent. *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. *See, e.g., State Ruffin*, 8th Dist. Cuyahoga Nos. 109134 and 109135, 2020-Ohio-5085 (S. Gallagher, J., dissenting); *State v. Sims*, 2019-Ohio-4975, 149 N.E.3d 1143 (8th Dist.) (Boyle, J., dissenting). I, however, fundamentally disagree with the practice of permitting appellate counsel to withdraw from the case, leaving indigent defendants to fend for themselves while this court continues to address the same or similar arguments on the merits in other cases in which the defendant is duly represented by counsel. *See, e.g., State v. Carson,* 8th Dist. Cuyahoga No. 109592, 2021-Ohio-209, ¶ 12 (finding argument that defendant was taking medication and unable to enter a guilty plea to be "wholly frivolous"); *but see State v. McClendon,* 8th Dist. Cuyahoga No. 103202, 2016-Ohio-2630, ¶ 16; *State v. Robinson*, 8th Dist. Cuyahoga No. 89136, 2007-Ohio-6831, ¶ 18 (addressing the same argument raised in *Carson* on the merits). Unless this court is willing to apply

what have been deemed to be frivolous arguments to our merit cases, we should not permit this practice to continue in the interests of justice. Nevertheless, the weight of our authority in this district favors this practice, and thus, I am compelled to concur in judgment only.