[Cite as *State v. T.B.*, 2021-Ohio-2104.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109949 |
| v. | : | |
| T.B., | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 24, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-631029-A

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Chadwick Cleveland and Jennifer Driscoll, Assistant Prosecuting Attorneys, *for appellee.*

Paul W. Flowers Co., L.P.A., and Louis E. Grube, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, T.B.,[1] appeals his sentence and claims the following three errors:

> 1. R.C. 2953.08(D)(1) violates the due process clauses of the Ohio and United States Constitutions.
>
> 2. The trial court's consecutive sentencing order is clearly and convincingly not supported by the record.
>
> 3. The trial court committed plain error by failing to merge the defendant's convictions prior to sentencing.

{¶ 2} We find no merit to the appeal and affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} T.B. was charged with multiple counts of rape, kidnapping, pandering sexually oriented material involving a minor, gross sexual imposition, and assault. He later pleaded guilty to a total of 19 counts with an agreed sentencing range of 18 to 25 years in prison. Prior to sentencing, the state advised the court that "there's a new sentencing range," and that as a result "we need to put the plea on the record again, and he needs to enter a plea of guilty based on that new range."

{¶ 4} Thereafter, the trial court reviewed the charges, outlined the new sentencing range, and reviewed T.B.'s Crim.R. 11 rights. There was no explanation on the record as to how or why the plea agreement had been modified, but the sentencing range was adjusted to 13 to 30 years. Despite reviewing T.B.'s Crim.R.

---

[1] Pursuant to Loc.App.R. 13.2(B)(1), we refer to the appellant and victim by initials and generic terms to protect the victim's privacy.

11 rights, the trial court did not vacate T.B.'s previously entered guilty pleas, and T.B. did not enter any new pleas, guilty or otherwise. The trial court nevertheless imposed an aggregate sentence of 25 years in prison, including consecutive sentences on seven counts. This court vacated T.B.'s convictions and sentence and remanded the case to the trial court for further proceedings. *State v. T.B.*, 8th Dist. Cuyahoga No. 108803, 2020-Ohio-3.

{¶ 5} On remand, T.B. pleaded guilty to five counts of rape in violation of R.C. 2907.02(A)(2); six counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1); four counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(5); four counts of gross sexual imposition in violation of R.C. 2907.05(A)(4); and two counts of assault in violation of R.C. 2903.13(A). The trial court sentenced T.B. to 11 years in prison on each of the five counts of rape alleged in Counts 1, 5, 13, 17, and 18; eight years in prison on each of the five counts of pandering sexually oriented matter involving a minor alleged in Counts 2, 6, 10, 14, and 28; three years in prison on the pandering sexually oriented matter involving a minor, charge alleged in Count 41; 18 months in prison on each count of pandering sexually oriented matter involving a minor alleged in Counts 3, 7, 11, and 37; 60 months in prison on each count of the gross sexual imposition alleged in Counts 27, 31, 35, and 40; and 180 days in prison on each count of assault alleged in Counts 52 and 53.

{¶ 6} The court made the factual findings required by R.C. 2929.14(C)(4) for the imposition of consecutive sentences and ordered that the prison terms on

Counts 1, 5, and 41 run consecutively for an aggregate 25-year prison term. (Nunc pro tunc entry dated Sept. 15, 2020.) The remaining counts were ordered to run concurrent to each other and to Counts 1, 5, and 41. The court imposed a mandatory five-year period of postrelease control, provided T.B. 270 days of jail-time credit, and classified T.B. as a Tier II and Tier III sex offender. T.B. now appeals his sentence.

## II. Law and Analysis

### A. Due Process

{¶ 7} In the first assignment of error, T.B. argues R.C. 2953.08(D)(1) violates the due process clauses of the Ohio and United States Constitutions because it prevents appellate review of jointly recommended sentences.

{¶ 8} R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Accordingly, we have held that a trial court is not required to make the consecutive-sentence findings required by R.C. 2929.14(C)(4) when a defendant is being sentenced pursuant to a negotiated plea agreement that includes an agreed sentence. *State v. Ruffin*, 8th Dist. Cuyahoga Nos. 109134 and 109135, 2020-Ohio-5085, ¶ 14; *State v. Williams*, 8th Dist. Cuyahoga No. 109091, 2020-Ohio-4467, ¶ 41. Nevertheless, T.B. argues R.C. 2953.08(D)(1) violates due process because it prevents appellate review of the

factual findings that must be made by the trial court in support of a criminal sentence.

{¶ 9} The United States Constitution does not require states to grant appeals as of right to criminal defendants seeking review of alleged trial court errors. *Moffitt v. Ross*, 417 U.S. 600, 610-611, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *McKane v. Durston*, 153 U.S. 684, 687, 14 S.Ct. 913, 38 L.Ed. 867 (1894). Nor does the Ohio Constitution guarantee a criminal defendant's right to appeal. *State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668 (1997).

{¶ 10} A criminal defendant is not guaranteed the right to appeal because "'the right of appeal is not essential to due process, provided that due process has already been accorded in the tribunal of first instance.'" *State v. Smith*, 80 Ohio St.3d 89, 97, 684 N.E.2d 668 (1997), quoting *State ex rel. Bryant v. Akron Metro. Park Dist.*, 281 U.S. 74, 80, 50 S.Ct. 228, 74 L.Ed. 710 (1930).

{¶ 11} In *Ross v. Moffitt*, 417 U.S. 600, 610-611, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1997), the court explained:

> The defendant needs an attorney on appeal not as a shield to protect him against being "haled into court" by the State and stripped of his presumption of innocence, but rather as a sword to upset the prior determination of guilt. This difference is significant for, while no one would agree that the State may simply dispense with the trial stage of proceedings without a criminal defendant's consent, it is clear that the State need not provide any appeal at all.

{¶ 12} Article IV, Section 3(B)(2) of the Ohio Constitution grants appellate courts "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgment or final orders of the court of record inferior to the court of appeals

within the district." R.C. 2953.02 provides a statutory right to appeal a final judgment in a criminal case. R.C. 2953.08(D)(1), however, provides an exception to the general right to appeal and prohibits appeals of jointly recommended sentences. R.C. 2953.08(D)(1) is a statutory recognition that defendants may reach agreements regarding their prison sentences and thereby waive any future challenges to those sentences. *See, e.g., United States v. Smith*, 344 F.3d 479, 483 (6th Cir.2003) ("Where a defendant waives his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement and will not review the sentence except in limited circumstances.").

{¶ 13} T.B. provides no authority to support his argument that R.C. 2953.08(D)(1) is unconstitutional because it violates due process, nor have we found any. To the contrary, courts have upheld the constitutionality of R.C. 2953.08(D)(1). *See, e.g., State v. Thomas*, 11th Dist. Lake No. 2019-L-085, 2020-Ohio-4635, ¶ 88 ("If there is no constitutional right to appellate review of a criminal sentence, it makes little sense to assert the absence of such an entitlement is unconstitutional."); *State v. Burke*, 2d Dist. Montgomery No. 26812, 2016-Ohio-8185, ¶ 21 (R.C. 2953.08 does not violate equal protection because it does not "implicate a fundamental constitutional right."); *State v. Reddick*, 72 Ohio St.3d 88, 90, 647 N.E.2d 784 (1995) (App.R. 26(B)'s requirement that an untimely application for reopening must show good cause did not violate due process.).

{¶ 14} "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*,

424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965).

{¶ 15} T.B. was represented by counsel when he knowingly, intelligently, and voluntarily reached a plea agreement with the state that included an agreed sentencing range during both the initial case (prior to the vacated pleas) and the second plea hearing. T.B. was advised multiple times of his right to have his case heard and decided by a jury of his peers, but he chose instead to enter a guilty plea with an agreed sentencing range. As previously stated, "the right of appeal is not essential to due process, provided that due process has already been accorded in the tribunal of first instance." *Smith*, 80 Ohio St.3d at 97, 684 N.E.2d 668, quoting *State ex rel. Bryant*, 281 U.S. at 80, 50 S.Ct. 228, 74 L.Ed. 710. There is nothing in the record to suggest that T.B.'s right to due process was violated in the trial court when he knowingly, intelligently, and voluntarily waived his right to challenge his sentence on appeal. We, therefore, find no constitutional deprivation here.

{¶ 16} The first assignment of error is overruled.

### B. Consecutive Sentences

{¶ 17} In the second assignment of error, T.B. argues the trial court's consecutive-sentencing order is not supported by the record. T.B. does not contend that the trial court failed to make the necessary findings under R.C. 2929.14(C) for the imposition of consecutive sentences; he contends his 25-year sentence is "disproportionately protracted."

{¶ 18} However, T.B. agreed to a jointly recommended sentencing range when he entered his guilty pleas. And, as previously stated in the first assignment of error, R.C. 2953.08(D)(1) limits our authority to review agreed sentences. R.C. 2953.08(D)(1) states:

> A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

{¶ 19} A jointly recommended sentencing range is a "jointly recommended sentence" for purposes of R.C. 2953.08(D)(1). *State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791 (8th Dist.). Therefore, T.B.'s jointly recommended sentence is not reviewable if it was "authorized by law." A sentence is "authorized by law" and not appealable within the meaning of R.C. 2953.08(D)(1) "if it comports with all mandatory sentencing provisions." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus.

{¶ 20} T.B. does not argue that the trial court failed to make necessary findings or otherwise failed to comply with any "mandatory sentencing provisions." He argues his consecutive sentences should be vacated because the record clearly and convincingly did not support the trial court's findings in support of the imposition of consecutive sentences under R.C. 2929.14(C)(4).

{¶ 21} The trial court imposed an aggregate 25-year prison term, which is within the agreed sentencing range and is authorized by law. Therefore, the sentence is not reviewable pursuant to R.C. 2953.08(D)(1).

{¶ 22} The second assignment of error is overruled.

### C. Allied Offenses

{¶ 23} In the third assignment of error, T.B. argues the trial court committed plain error by failing to merge his convictions for sentencing. He cites *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, to support this argument.

{¶ 24} In *Underwood*, the Ohio Supreme Court held that "[w]hen a sentence is imposed for multiple convictions on offenses that are allied offenses of similar import in violation of R.C. 2941.25(A), R.C. 2953.08(D)(1) does not bar appellate review of that sentence even though it was jointly recommended by the parties and imposed by the court." *Id.* at paragraph one of the syllabus. T.B. argues that because many of his offenses were committed by the same conduct against the same victim, the offenses should have merged for sentencing even though his sentence was jointly recommended by the parties.

{¶ 25} However, in *Underwood*, the state and the defendant agreed on a sentence, but their agreement was silent on the issue of allied offenses. The *Underwood* Court explained that "[w]hen the plea agreement is silent on the issue of allied offenses of similar import * * *, the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied." *Id.* at ¶ 29. However, when the transcript demonstrates the defendant and the state agreed that the offenses were not allied, the issue of allied offenses is waived. *State v. Yokings*, 8th Dist. Cuyahoga No. 98632, 2013-Ohio-1890; *State v. Carmen*, 8th Dist. Cuyahoga No.

99463, 2013-Ohio-4910; *State v. Ward*, 8th Dist. Cuyahoga No. 97219, 2012-Ohio-1199. In *Underwood*, the court explained:

> [W]e note that nothing in this decision precludes the state and a defendant from stipulating in the plea agreement that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction and sentence. When the plea agreement is silent on the issue of allied offenses of similar import, however, the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense.

*Id.* at ¶ 29.

{¶ 26} The parties in this case agreed that none of the offenses to which he pleaded guilty were allied offenses of similar import. (Tr. 134, 136, 168.) T.B., therefore, waived the issue of allied offenses.

{¶ 27} The third assignment of error is overruled.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., CONCURS;
KATHLEEN ANN KEOUGH, J., CONCURS IN PART, AND CONCURS IN JUDGMENT ONLY IN PART, WITH SEPARATE ATTACHED OPINION

KATHLEEN ANN KEOUGH, J., CONCURRING IN PART, AND CONCURRING IN JUDGMENT ONLY IN PART:

{¶ 29} I respectfully concur in judgment only with the majority opinion insofar as it concludes that T.B.'s second assignment of error challenging the consecutive-sentence portion of his sentence is not reviewable because the sentence falls within the agreed sentencing range. In support, the majority relies on *State v. Grant*, 8th Dist. Cuyahoga No. 104918, 2018-Ohio-1759. I dissented from the majority opinion in *Grant* on this issue, opining that unless the defendant agrees to the imposition of nonmandatory consecutive sentences when agreeing to a sentencing range, the sentence is still reviewable under R.C. 2953.08(D)(1).

{¶ 30} In this case, T.B. did not expressly agree to the imposition of nonmandatory consecutive sentences. The record demonstrates that on multiple occasions during the plea colloquy, T.B. agreed to a sentence range of 13-25 years. *See* tr. 134-135, 146, and 151. During each of these discussions, T.B. was also advised that the offenses would not be deemed allied and the sentences for each offense could be imposed consecutively. During one colloquy, the trial court explained to

T.B. the difference between concurrent and consecutive sentences and then confirmed with T.B. that he understood that the court could run the sentences consecutively. (Tr. 146.) Immediately following this exchange, the court again confirmed with T.B. that the sentencing range was 13-25 years in prison. (Tr. at *id.*) Subsequently, T.B. acknowledged that the offenses were not allied, and understood that (1) the court could impose the sentences consecutively, (2) there was an agreed sentencing range of 13 to 25 years, and (3) there was no promise of a particular sentence. (Tr. 151.)

{¶ 31} Therefore, unlike in *Grant*, where the record only reflected an agreed sentencing range without any additional facts regarding what the defendant knew or agreed to regarding consecutive sentences, the record in this case indicates that T.B. understood that consecutive sentences could be imposed so long as the total sentence fell within the agreed sentencing range.

{¶ 32} Accordingly, I find that *Grant* is distinguishable, but I would agree that under the circumstances in this case, the sentence is unreviewable pursuant to R.C. 2953.08(D)(1).