[Cite as *State v. Brown*, 2021-Ohio-4311.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                        :

    Plaintiff-Appellee,          :
                                 Nos. 110342, 110498, and 110499

    v.                                   :

DERRICK BROWN,                        :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 9, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-630666-A, CR-19-636546-A, and CR-19-637566-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Steven Szelagiewicz, Assistant Prosecuting
Attorney, *for appellee.*

Ruth R. Fischbein-Cohen, *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} In this consolidated appeal, appellant Derrick Brown ("Brown") appeals the sentences imposed in the underlying cases, claiming certain counts should have merged as allied offenses of similar import. Upon review, we find no plain error and affirm the judgments of the trial court.

{¶ 2} Appellant initially entered pleas of not guilty to the indicted charges in the underlying cases. Following a number of pretrials and discovery, the parties reached a plea agreement. At a hearing held on September 17, 2020, appellant entered a plea of guilty to the following charges in each case:

**CR-18-630666** (Date of offense: On or about July 10, 2018)

Count 1: Improper Handling Firearms in a Motor Vehicle, in violation of R.C. 2923.16(B), a felony of the fourth degree, with a forfeiture of a weapon specification.

The remaining counts related to a codefendant.

**CR-19-636546** (Date of offenses: On or about January 9, 2019)

Count 1: Rape (fellatio), in violation of R.C. 2907.02(A)(2), a felony of the first degree.

Count 2: Rape (anal penetration), in violation of R.C. 2907.02(A)(2), a felony of the first degree.

Count 4: Felonious Assault (knife), in violation of R.C. 2903.11(A)(2), a felony of the second degree.

Count 5: Aggravated Burglary, in violation of R.C. 2911.11(A)(1), a felony of the first degree.

Count 7: Kidnapping (forcing victim to go to ATM), in violation of R.C. 2905.01(A)(2), a felony of the first degree.

Count 8: Aggravated Robbery (ATM), in violation of R.C. 2911.01(A)(1), a felony of the first degree.

Count 9: Grand Theft (motor vehicle), in violation of R.C. 2913.02(A)(1), a felony of the fourth degree.

All specifications were dismissed and Counts 3, 6, 10, and 11 were nolled.

<u>CR-19-637566</u> (Date of offenses: On or about March 17, 2013)

Count 1:     Rape (fellatio), in violation of R.C. 2907.02(A)(2), a felony of the first degree.

Count 2:     Felonious Assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree.

All specifications were dismissed and Count 3 was nolled.

{¶ 3}   As part of the plea agreement, there was an agreed sentencing range of 25 to 32 years in prison. Appellant was also subject to five years of mandatory postrelease control and would be rendered a Tier III sex offender subject to lifetime reporting. The trial court complied with Crim.R. 11, and appellant knowingly, intelligently, and voluntarily entered a plea of guilty to each of the offenses.

{¶ 4}   In each case, appellant filed motions to withdraw his guilty plea as well as supplemental motions that were heard by the trial court prior to sentencing. The state submitted jail calls in which appellant discussed facing a life sentence if convicted at trial, a female on the call advised appellant to withdraw his plea and to claim duress and ineffective assistance of counsel, and a discussion was had about needing to renegotiate for a better plea deal. The trial court heard the motions at a hearing held on December 10, 2020. After reviewing the plea and hearing arguments of counsel and statements from appellant, the trial court denied appellant's motion to withdraw his guilty plea.

{¶ 5}   The trial court proceeded with the sentencing hearing. The state set forth facts involving the two brutal rape incidents that were committed by appellant. One of the victims was elderly, the other was developmentally delayed, and both

were strangers to appellant. The acts committed by appellant were heinous. As summarized by the trial court, "the defendant committed the offenses resulting in raping two victims in two cases including a disabled 76-year-old victim, beating both victims, and forcing the elderly victim to draw money from her ATM after he kidnapped her * * *."

{¶ 6} The trial court imposed a prison sentence in CR-19-637566-A of ten years on Count 1 for rape, and in CR-19-636546-A of ten years on Count 1 for rape and five years on Count 4 for felonious assault, with those terms ordered to be served consecutively for a total of 25 years in prison. The trial court imposed a sentence of five years in prison on each of the remaining counts in those two cases to be served concurrent with the consecutive sentences that were imposed. In CR-18-630666-A, the trial court imposed a prison sentence of 12 months to be served concurrent to the prison terms imposed in the other two cases. The total aggregate sentence imposed was 25 years in prison.

{¶ 7} Appellant filed an appeal in each of the three cases. This court consolidated the cases for review. Under his sole assignment of error, appellant claims the trial court erred by separately sentencing him on some counts that he claims constituted allied offenses of similar import.

{¶ 8} "The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution prohibit a criminal defendant from being tried twice for the same offense." *State v. Pendleton*, 163 Ohio St.3d 114, 2020-Ohio-6833, 168 N.E.3d 458, ¶ 8. This prohibition protects

against multiple punishments for the same offense. *Id.*, citing *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10. When multiple punishments are imposed in the same proceeding, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 16; citing *Garrett v. United States*, 471 U.S. 773, 793, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985); *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 8.

{¶ 9} "The [Ohio] General Assembly in codifying double-jeopardy protections has expressed its intent as to when multiple punishments can be imposed." *Ruff* at ¶ 12.

R.C. 2941.25 provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 10} As interpreted by the Supreme Court of Ohio, "R.C. 2941.25(A) allows only a single conviction for conduct that constitutes 'allied offenses of similar import.'" *Ruff* at ¶ 13. But under R.C. 2941.25(B), "a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the

following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *Ruff* at paragraph three of the syllabus. Two or more offenses are of dissimilar import within the meaning of R.C. 2941.25(B) "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Ruff* at paragraph two of the syllabus. "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *Ruff* at ¶ 26.

{¶ 11} Before considering the allied-offense challenges raised by appellant herein, we first must address the state's argument that a review should be precluded because appellant was sentenced within an agreed sentencing range. [1] In *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, the Supreme Court of Ohio held that despite the language in R.C. 2953.08(D)(1) precluding an appeal of a jointly recommended sentence, the statute does not bar appellate review when the sentence is imposed on multiple counts that constitute allied offenses of similar import under R.C. 2941.25. *Id.* at ¶ 26-27. Nevertheless, "[i]t is possible for an accused to expressly waive the protection afforded by R.C. 2941.25, such as by 'stipulating in the plea agreement that the offenses were committed with separate animus.'" *Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, at ¶ 20,

---

[1] The state cites *State v. Moore*, 8th Dist. Cuyahoga Nos. 100483 and 100484, 2014-Ohio-5682, ¶ 34, which relies on authority predating the Ohio Supreme Court decisions discussed herein.

quoting *Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, at ¶ 29. Likewise, it is possible for a defendant to forfeit an allied-offense challenge by agreeing to consecutively serve the sentences imposed on all counts. *State v. Lee*, 2018-Ohio-1839, 112 N.E.3d 65, ¶ 10-11 (8th Dist.). Accordingly, when the record demonstrates the defendant and the state agreed that the offenses were not allied, the issue of allied offenses is waived. *State v. T.B.*, 8th Dist. Cuyahoga No. 109949, 2021-Ohio-2104, ¶ 25 (citations omitted). That is not the case herein.

{¶ 12} In this case, appellant pled guilty to ten counts and there was an agreed sentencing range of 25 to 32 years in prison. Although the parties thereby agreed to the imposition of consecutive sentences on some of the counts, concurrent sentences also were imposed. The parties did not stipulate to allied offenses of similar import, the record is silent as to whether the parties agreed that none of the offenses were allied offenses of similar import, and it cannot be said that appellant agreed to separate sentences on all counts. Upon the record before us, we are unable to conclude that appellant waived the protection afforded by R.C. 2941.25. Therefore, appellant may raise an allied-offense challenge on appeal. However, because appellant did not seek the merger of his convictions as allied offenses of similar import in the trial court, he has forfeited all but plain error. *Rogers* at ¶ 21.

{¶ 13} Under the plain error standard, an error is not reversible unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. *Id.* at ¶ 3; *see also* Crim.R. 52. Applying the plain error standard to an allied offenses argument, "an accused has the burden to

demonstrate a reasonable probability that the convictions are allied offenses of similar import committed with the same conduct and without a separate animus" or import. *Id.* The defendant must meet this burden before a reviewing court may reverse for plain error. *Id.*

{¶ 14} First, appellant claims his convictions for rape and kidnapping in CR-19-636546-A involve allied offenses of similar import. However, the kidnapping charge under Count 3 that was related to the rape offenses was nolled. Pursuant to the plea agreement, appellant pled guilty to the kidnapping charge under Count 7, which related to forcing the victim to go to the ATM to withdraw money after the rape occurred. The record reflects the kidnapping was not incidental to the acts of rape and the conduct shows the offenses were committed separately and with a separate animus.

{¶ 15} Next, appellant claims his convictions for rape and felonious assault in CR-19-636546-A involve allied offenses of similar import. Appellant was convicted of two separate rape counts, one involving fellatio and the other anal rape. To facilitate the acts of rape, appellant repeatedly punched the victim in the face and chest and held a knife to her, which resulted in a cut to her arm. Because the felonious assault involved separate and identifiable harm from the harm that was involved in the commission of the rape, it was an offense of dissimilar import and was not subject to merger. *See State v. Asadi-Ousley*, 2017-Ohio-7252, 102 N.E.3d 52, ¶ 44 (8th Dist.). As stated by the Supreme Court of Ohio, "a defendant's conduct that constitutes two or more offenses against a single victim can support multiple

convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense." *Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at ¶ 26.

{¶ 16} Appellant also argues his convictions for aggravated burglary, aggravated robbery, and grand theft in CR-19-636546-A involve allied offenses of similar import. Appellant fails to account for the separate conduct underlying the charges against him. As argued by the state, the aggravated burglary charged in Count 5 dealt with entering the victim's home to commit a crime, while the aggravated robbery charged in Count 8 related to robbing the victim at the ATM. The charge of grand theft in Count 9 related to the victim's motor vehicle. The record reflects these offenses were of dissimilar import.

{¶ 17} Appellant continues to argue that various combinations of the offenses of which he was convicted in CR-19-636546-A constitute allied offenses of similar import. The record does not support his arguments. The rape offenses involved separate and identifiable harm from the aggravated burglary, which involved the theft of money from the victim in the home. Likewise, the felonious assault, which involved causing physical harm to the victim by means of a deadly weapon, had separate and identifiable harm from the aggravated burglary. The aggravated robbery involved the theft of money from the victim at the ATM while the grand theft involved the theft of the victim's motor vehicle. Although appellant also argues that the state represented that it was not possible to identify the person taking the money from the ATM, appellant's guilty plea waived his right to require

the state to prove guilt beyond a reasonable doubt. The transcript reflects appellant was advised of this at the time he entered his plea.

{¶ 18} Finally, appellant argues his rape and felonious assault convictions in CR-19-637566-A involve allied offenses of similar import. This rape case involved a separate victim from the other rape case. In this case, the appellant repeatedly punched the victim, causing her to have a broken nose and two black eyes, until she complied and performed fellatio. Although the felonious assault may have been committed to facilitate the rape, the offenses involved separate conduct and separate and identifiable harm. Therefore, the offenses were not subject to merger. *See State v. Stevens*, 11th Dist. Portage No. 2020-P-0043, 2021-Ohio-2643, ¶ 160-161; *State v. Smith*, 1st Dist. Hamilton No. C-190235, 2020-Ohio-3516, ¶ 9-10; *Asadi-Ousley*, 2017-Ohio-7252, 102 N.E.3d 52, at ¶ 44.

{¶ 19} We are not persuaded by any other argument presented. Upon our review, we find appellant failed to demonstrate any reasonable probability that his convictions are allied offenses of similar import. Because plain error has not been shown, appellant's assignment of error is overruled. Any other challenges to the sentences imposed within the agreed sentencing range are not properly before us. *See* R.C. 2953.08(D)(1).

{¶ 20} Judgments affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
LISA B. FORBES, J., CONCUR