[Cite as *State v. Brown*, 2022-Ohio-3032.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | Nos. 110342, 110498, and 110499 |
| DERRICK BROWN, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** August 30, 2022

Cuyahoga County Court of Common Pleas
Case Nos. CR-18-630666-A, CR-19-636546-A, and CR-19-637566-A
Application for Reopening
Motion No. 553103

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Kristen Hatcher, Assistant Prosecuting
Attorney, *for appellee.*

Derrick Brown, *pro se.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} On March 4, 2022, the applicant, Derrick Brown, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Brown,* 8th Dist. Cuyahoga Nos. 110342, 110498, and 110499, 2021-Ohio-4311, in which this court affirmed his sentences for rape, kidnapping, felonious assault, aggravated burglary, aggravated robbery, grand theft, and improper handling firearms in a motor vehicle. Brown asserts that his appellate counsel should have argued that (1) his trial counsel was ineffective for failing to investigate the case, to interview potential witnesses, to prepare for trial, and to fulfill his adversarial role; and (2) his convictions were not supported by sufficient evidence. On April 28, 2022, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application.

Factual and Procedural Background

{¶ 2} In 2013, Brown asked a 30-year-old, mentally impaired woman to perform fellatio on him. When she refused, he punched her repeatedly in the face, breaking her nose and giving her two black eyes. He then put on a condom, and the woman performed fellatio on him. In removing the condom, he spilled some of his seminal fluid. The police swabbed this during their investigation.

{¶ 3} Early on the morning of January 9, 2019, a 76-year-old retired nurse found Brown in her home. He repeatedly hit her and told her she was going to perform fellatio on him. He also cut her with a knife. After he put on a condom, she tried to do that, but Brown complained that she was not doing it right. He then

anally raped her and took what money she had in her home. When that was not enough, he forced the nurse into her car and had her drive to a bank and remove $300 from her account. He let her go but stole her car. In his haste to rob her, Brown left the condom in her home. Police retrieved that during their investigation.

{¶ 4} In July 2018, Brown was arrested trying to hide a firearm in an automobile. This allowed the police to obtain a DNA sample that identified him as the perpetrator of the two rapes. The nurse subsequently also identified him in a lineup.

{¶ 5} In *State v. Brown,* Cuyahoga C.P. No. CR-18-630666-A, the grand jury indicted Brown on one count of improperly handling a firearm in a motor vehicle, a fourth-degree felony. For the incidents involving the nurse, the grand jury, in *State v. Brown,* Cuyahoga C.P. No. CR-19-636546-A, indicted him as follows: Counts 1 and 2, rape, first-degree felonies with sexually violent predator specifications; Count 3, kidnapping, a first-degree felony with sexual motivation and sexually violent predator specifications; Count 4, felonious assault with a knife, a second-degree felony with a sexual motivation specification; Count 5, aggravated burglary, a first-degree felony; Count 6, aggravated robbery using a weapon (the money in the home), a first-degree felony; Count 7, kidnapping (flight in the car), a first-degree felony; Count 8, aggravated robbery using a weapon (at the ATM), a first-degree felony; Count 9, grand theft of the car, a fourth-degree felony; Count 10, theft of money, a fifth-degree felony; and Count 11, theft of her cell phone, a fifth-degree felony. For the rape of the 30-year-old woman, the grand jury, in *State v.*

*Brown,* Cuyahoga C.P. No. CR-19-637566-A, indicted Brown for one count of rape with a sexually violent predator specification, a first-degree felony; one count of felonious assault with a sexual motivation specification, a second-degree felony; and one count of kidnapping with sexual motivation and sexually violent predator specifications, a first-degree felony.

{¶ 6} Brown's attorneys were able to arrange a plea bargain under which in the rape of the nurse case Brown pleaded guilty to the two rape charges with the sexually violent predator specifications deleted; this amendment would keep Brown from facing a life sentence. He also pleaded guilty to one count each of felonious assault, aggravated burglary, aggravated robbery, kidnapping, and grand theft. The other four counts were nolled. In the other rape case, he pleaded guilty to rape with the sexually violent predator specification deleted and to felonious assault; the kidnapping charge was nolled. He also pleaded guilty to the weapons charge. The state and the defense proposed a recommended sentence of 25 to 35 years, and the trial court imposed a 25-year sentence for all of the offenses.

{¶ 7} Brown filed a pro se motion to withdraw the guilty plea. At the subsequent hearing, the state presented a recording of Brown talking with a woman, probably his mother, who suggested that he should file the motion to withdraw the plea for the reasons of duress and ineffective assistance of counsel. The trial judge denied the motion.

{¶ 8} His appellate counsel argued that the judge should have merged some of the offenses as allied offenses. Brown now argues that his appellate counsel was

ineffective.  He argues she should have raised that his trial counsel was ineffective and that there was insufficient evidence to convict him.  Specifically, he claims that he told his trial counsel about alibi witnesses that would prove his innocence, but counsel never interviewed those witnesses and did not prepare for trial; rather counsel coerced him into taking the plea.

{¶ 9}  In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); and *State v. Reed*, 74 Ohio St.3d 534, 660 N.E.2d 456 (1996).

{¶ 10}  In *Strickland,* the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential.  The court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient.  Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689.

{¶ 11}  Moreover, appellate review is strictly limited to the record.  *The Warder, Bushnell & Glessner Co. v. Jacobs*, 58 Ohio St. 77, 50 N.E. 97 (1898).  Thus,

"a reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. "Nor can the effectiveness of appellate counsel be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by the newly added material." *State v. Moore*, 93 Ohio St.3d 649, 650, 758 N.E.2d 1130 (2001). "Clearly, declining to raise claims without record support cannot constitute ineffective assistance of appellate counsel." *State v. Burke,* 97 Ohio St.3d 55, 2002-Ohio-5310, 776 N.E.2d 79, ¶ 10.

{¶ 12} Brown pled guilty to multiple, serious charges. A guilty plea is a complete admission of guilt. *State v. Stumpf*, 32 Ohio St.3d 95, 512 N.E.2d 598 (1987), and *State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51. Moreover, "[a]n unqualified plea of guilty, legitimately obtained and still in force, bars further consideration of all but the most fundamental premises for the conviction, of which the subject-matter jurisdiction of the court is the familiar example." *Village of Montpelier v. Greeno,* 25 Ohio St.3d 170, 171, 495 N.E.2d 581 (1986), fn. 2, quoting *United States v. Doyle*, 348 F.2d 715, 718-719 (2d Cir.1965). A guilty plea waives all appealable errors which may have occurred at trial unless those errors prevented the defendant from voluntarily entering the plea. *State ex rel. Nash v. Fuerst,* 8th Dist. Cuyahoga No. 87966, 2006-Ohio-5261.

{¶ 13} Specifically, a guilty plea generally waives a claim of ineffective assistance of counsel. *State v. May,* 8th Dist. Cuyahoga No. 97354, 2012-Ohio-

5504; *State v. Brown,* 8th Dist. Cuyahoga No. 104095, 2017-Ohio-184; *State v. Black,* 8th Dist. Cuyahoga No. 102586, 2017-Ohio-953.

{¶ 14} Brown states that he gave his trial counsel the names of two individuals who could provide alibis. The court also notes that counsel filed a notice of alibi in one of the cases. Beyond that the record is silent on counsel's preparation or lack of thereof. A court cannot infer a failure to investigate or prepare from a silent record. Thus, Brown has not met his burden of establishing ineffective assistance of trial counsel. *State v. Mhoon,* 8th Dist. Cuyahoga No. 98832, 2013-Ohio-2090, and *State v. Character,* 8th Dist. Cuyahoga No. 93765, 2010-Ohio-4128. The court further notes the incriminating evidence against Brown and the success of the plea negotiation that eliminated a life sentence, nolled multiple counts, and obtained the minimum agreed sentence.

{¶ 15} Similarly, pleading guilty waives all errors that a defendant could have claimed had he decided to proceed to trial. Specifically, pleading guilty waives the right to argue sufficiency of the evidence. *State v. Rice,* 8th Dist. Cuyahoga No. 106953, 2018-Ohio-5356.

{¶ 16} Accordingly, this court denies the application to reopen.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
LISA B. FORBES, J., CONCUR