[Cite as *State v. Smith*, 2026-Ohio-183.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,            :

      Plaintiff-Appellee,     :

                                 No. 114637

      v.                      :

STEPHEN SMITH,         :

      Defendant-Appellant.   :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** January 16, 2026

---

Cuyahoga County Court of Common Pleas
Case No. CR-24-694308-A
Application for Reopening
Motion No. 589936

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Stephen Smith, *pro se.*

WILLIAM A. KLATT, J.:

{¶ 1} Stephen Smith ("Smith"), pro se, has filed an application for reopening pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60 (1991), based

on claims of ineffective assistance of appellate counsel. Smith is attempting to reopen the appellate judgment rendered in *State v. Smith,* 2025-Ohio-3071 (8th Dist.), in which this court affirmed the trial court's judgment, finding Smith's convictions were supported by sufficient evidence and were not against the manifest weight of the evidence.

{¶ 2} For the reasons that follow, we deny Smith's application to reopen the appeal.

## I. Procedural History

{¶ 3} On August 13, 2024, Smith was named in a 14-count indictment, charging him with murder in violation of R.C. 2903.02(A), with one- and three-year firearm specifications (Count 1); murder in violation of R.C. 2903.02(B), with one- and three-year firearm specifications (Count 2); felonious assault in violation of R.C. 2903.11(A)(1), with one- and three-year firearm specifications (Counts 3 and 5); felonious assault in violation of R.C. 2903.11(A)(2), with one- and three-year firearm specifications (Counts 4 and 6); having weapons while under disability in violation of R.C. 2923.13(A)(2) (Count 7); having weapons while under disability in violation of R.C. 2923.13(A)(3) (Count 8); drug trafficking in violation of R.C. 2925.03(A)(2) (Counts 9, 11, and 13); and possession of drugs in violation of R.C. 2925.11(A) (Counts 10, 12, and 14).

{¶ 4} The indictment stemmed from allegations that Smith participated in a shooting at the House Ultra Lounge on November 5, 2022, resulting in injuries to Christina Roberts ("Robert") and the death of Justice Jackson ("Jackson"). The

events of the evening were depicted in a video recording captured by a business located near where the events occurred.  During the subsequent investigation into the shooting, the police discovered illegal drugs in Smith's vehicle while executing a search warrant.

{¶ 5} On October 18, 2024, the matter proceeded to a bench trial.[1]  At the conclusion of trial, the trial court found Smith not guilty of Counts 1 and 2, murder; not guilty of Counts 3, 5, and 6, felonious assault of Roberts; and not guilty of Counts 9, 11, and 13, trafficking.  The trial court found Smith guilty of Count 4, felonious assault of Jackson in violation of R.C. 2903.11(A)(2), with one- and three-year firearm specifications; guilty of Count 7, having weapons while under disability in violation of R.C. 2923.13(A)(2); guilty of Count 8, having weapons while under disability in violation of R.C. 2923.13(A)(3); and guilty of Counts 10, 12, and 14, drug possession in violation of R.C. 2925.11(A).

{¶ 6} On November 12, 2024, the trial court sentenced Smith to an aggregate prison term of six to seven and a half years.

{¶ 7} On December 6, 2024, Smith filed a timely notice of appeal presenting four assignments of error:

> 1. Appellant's conviction for felonious assault is based on insufficient evidence thereby denying his right to Due Process under the Fifth and Fourteenth Amendments to the United States Constitution.
>
> 2. Appellant's convictions for Having Weapons Under Disability are based on insufficient evidence thereby denying his right to Due Process

---

[1] The evidence presented at trial is thoroughly addressed in *Smith*, 2025-Ohio-3071, at ¶ 3-30 (8th Dist.).

under the Fifth and Fourteenth Amendment of the United States Constitution.

3. The trial court erred in entering a conviction for felonious assault, as that conviction was against the manifest weight of the evidence, in derogation of Defendant's right to Due Process under the Fifth and Fourteenth Amendments of the United States Constitution.

4. The trial court erred in entering a conviction for Having Weapons Under Disability, as that conviction was against the manifest weight of the evidence, in derogation of Defendant's right to Due Process under the Fifth and Fourteenth Amendments of the United States Constitution.

{¶ 8} On August 28, 2025, this court overruled Smith's assignments of error and affirmed the judgment of conviction and sentence. *Smith*, 2025-Ohio-3071, at ¶ 1 (8th Dist.).

{¶ 9} On November 21, 2025, Smith filed a timely application to reopen his appeal pursuant to App.R. 26(B). Smith asserts that he was denied the effective assistance of appellate counsel because appellate counsel failed to raise the following proposed assignments of error on appeal:

1. Trial counsel was ineffective by failing to investigate the evidence being used against appellant, failed to prepare and adequate defense related to the evidence being used against appellant, and failed to present evidence in favor of appellant's acquittal.

2. Trial counsel also failed to obtain an independent video expert to examine the video that the prosecution presented as alleged evidence of appellant possessing and using a firearm.

3.Trial counsel failed to file a motion for severance of the trials for the alleged shooting incident and the unrelated drug offenses in Counts 10, 12, and 14.

4. Appellate counsel failed to appeal appellant's convictions for Counts 10, 12, and 14 for drug possession despite appellant's intentions and requests to do so.

5. Appellate counsel failed to present claims of prosecutorial misconduct for presenting false evidence under *Napue v. Illinois*, a violation of due process and fair trial guarantees under the 14th Amendment of the U.S. Constitution for plain error review pursuant to Ohio Crim.R. 52.

{¶ 10} On January 7, 2026, the State opposed the application, arguing that Smith fails to raise a colorable claim of ineffective assistance of appellate counsel.

## II. Law and Analysis

## A. Standard of Review

{¶ 11} Under App.R. 26(B), a defendant in a criminal case may apply to reopen his or her appeal from the judgment of conviction and sentence based on a claim of ineffective assistance of appellate counsel. The application must be filed within 90 days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time. App.R. 26(B)(1).

{¶ 12} Claims of ineffective assistance of appellate counsel are evaluated under the same standard applied to claims of ineffective assistance of trial counsel announced in *Strickland v. Washington*, 466 U.S. 668 (1984). *State v. Leyh*, 2022-Ohio-292, ¶ 17. Under this standard, "an applicant must show that (1) appellate counsel's performance was objectively unreasonable, [*Strickland*] at 687, and (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' [*Strickland*] at 694." *Leyh* at ¶ 18. When reviewing counsel's performance, this court must be highly deferential and "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Strickland* at 689. To establish

resulting prejudice, a defendant must show that the outcome of the proceedings would have been different but for counsel's deficient performance. *Id.*

{¶ 13} App.R. 26(B) establishes a two-stage procedure for adjudicating claims of ineffective assistance of appellate counsel. *Id.* at ¶ 19. An applicant must first make a threshold showing that appellate counsel was ineffective. *Id.* at ¶ 19, 35. An application for reopening "'shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal.'" *Id.* at ¶ 21, quoting App.R. 26(B)(5). "The burden is on the applicant to demonstrate a 'genuine issue' as to whether there is a 'colorable claim' of ineffective assistance of appellate counsel." *Leyh* at ¶ 21, citing *State v. Spivey*, 84 Ohio St.3d 24, 25 (1998). "[A]ppellate counsel need not raise every possible issue in order to render constitutionally effective assistance." *State v. Tenace*, 2006-Ohio-2987, ¶ 7, citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983), and *State v. Sanders*, 2002-Ohio-350.

{¶ 14} If the applicant makes the required threshold showing, demonstrating that "there is at least a genuine issue — that is, legitimate grounds — to support the claim that the applicant was deprived of the effective assistance of counsel on appeal," then the application shall be granted and the appeal reopened. *Leyh* at ¶ 25, citing App.R. 26(B)(5). The matter then "proceeds to the second stage of the procedure, which 'involves filing appellate briefs and supporting materials with the assistance of new counsel, in order to establish that prejudicial errors were made in the trial court and that ineffective assistance of appellate counsel in the prior

appellate proceedings prevented these errors from being presented effectively to the court of appeals.'" *Leyh* at ¶ 22, quoting 1993 Staff Notes to App.R. 26(B).

{¶ 15} With the foregoing standards in mind, we address each of Smith's proposed assignments of error.

### B. First Proposed Assignment of Error

{¶ 16} In his first proposed assignment of error, Smith argues appellate counsel was ineffective for failing to advance an assignment of error challenging trial counsel's pretrial investigation and preparation. Smith contends that counsel's deficient performance is evidenced by his failure to subpoena the business that captured the shooting on its surveillance system for the original security video rather than relying on "a grainy security video that was recorded on [Detective Anthony Malone's] cellular phone." Smith further alleges that trial counsel "failed to obtain and review any of the other video evidence collected during the investigation."

{¶ 17} Generally, questionable trial strategies and tactics do not rise to the level of ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 49 (1980). "To justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *State v. Carter*, 72 Ohio St.3d 545, 558 (1995), citing *Strickland,* 466 U.S. at 689.

{¶ 18} Moreover, appellate review is strictly limited to the record. *The Warder, Bushnell & Glessner Co. v. Jacobs*, 58 Ohio St. 77 (1898). Thus, "a reviewing court cannot add matter to the record that was not part of the trial court's

proceedings and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. "Nor can the effectiveness of appellate counsel be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by the newly added material." *State v. Moore*, 2001-Ohio-1892, ¶ 5. Thus, "declining to raise claims without record support cannot constitute ineffective assistance of appellate counsel." *State v. Burke*, 2002-Ohio-5310, ¶ 10.

{¶ 19} In this case, defense counsel actively challenged the State's interpretation of the video evidence and zealously disputed whether the video footage clearly showed Smith fire a weapon during the altercation on November 5, 2024. (Tr. 36-37, 671-672.) Beyond this, the record is silent on defense counsel's pretrial preparation and investigation, or the alleged lack of thereof. Under these circumstances, appellate counsel could not have successfully challenged defense counsel's preparation and investigation in the direct appeal because such claims would require speculation or consideration of evidence that is outside of the record. *State v. Brown*, 2022-Ohio-3032, ¶ 14 (8th Dist.) ("It is well settled that a court cannot infer a failure to investigate from a silent record."). Any prejudice caused by the allegedly deficient performance is equally speculative. Specifically, the record does not reveal what information defense counsel may have obtained upon further investigation or whether additional video evidence would have been beneficial to the defense. *State v. Bridges*, 2015-Ohio-1447, ¶ 13 (8th Dist.).

{¶ 20} Based on the foregoing, we find the generalized claims in Smith's first proposed assignment of error cannot form the basis for a reopening of the original appeal.

## C. Second Proposed Assignment of Error

{¶ 21} In his second proposed assignment of error, Smith argues appellate counsel was ineffective for failing to advance an assignment of error challenging trial counsel's failure to obtain an independent video expert. Smith contends that "the hiring of an independent expert was critical to disputing the findings of the prosecution's video expert" and "likely would have tipped the scale in appellant's favor."

{¶ 22} In this case, forensic expert, Tom Ciula ("Ciula"), verified the video recording obtained by the investigating detectives from the nearby business was a true and accurate representation of the events at the House Ultra Lounge on November 5, 2022, with no manipulations to the video. Ciula also created two enlargement videos that followed the actions of Jackson and Smith, respectively; created annotated frames that stopped the video and pointed out an individual or motion; and created stills or individual frames from the video. Relevant here, Ciula testified that his still pictures showed a visible object — a firearm — extending from Smith's hand as well as a muzzle flash at the end of Smith's weapon that showed he discharged his weapon. Ciula also stated it is probable Smith fired a second shot at the retreating vehicles but he could not state with absolute scientific certainty that

the second shot occurred. Ciula's report, videos, and stills were admitted into evidence without any objection.

{¶ 23} On cross-examination, defense counsel questioned Ciula at length about the contents of the surveillance video footage and the basis of Ciula's opinion that Smith fired a weapon. During this exchange, Cuila agreed that his testimony was limited to his own personal opinions and interpretation of the video evidence. He was not present at the time of the shooting or at the time the video evidence was recovered during the police investigation. In addition, Ciula conceded that Smith's arm did not recoil after allegedly shooting a firearm and that he was only asked to review the actions of Smith and Jackson. (Tr. 619.)

{¶ 24} We note the Ohio Supreme Court has stated that "the failure to call an expert and instead rely on cross-examination does not constitute ineffective assistance of counsel." *State v. Nicholas*, 66 Ohio St.3d 431, 436 (1993), citing *State v. Thompson*, 33 Ohio St.3d 1, 10-11 (1987). Where the record does not indicate what kind of testimony an expert witness could have provided, the issue of whether counsel was deficient in failing to secure a defense expert is "purely speculative." *State v. Madrigal*, 87 Ohio St.3d 378, 390-391 (2000). Likewise, in the instant case, it is mere speculation whether an expert could have refuted the authenticity of the exhibits or Ciula's interpretation of the video evidence.

{¶ 25} Furthermore, as previously stated, trial tactics and strategies do not constitute a denial of effective assistance of counsel. *State v. Gooden*, 2007-Ohio-2371, ¶ 38 (8th Dist.), citing *State v. Clayton*, 62 Ohio St.2d 45, 49 (1980). Here, it

was not unreasonable for defense counsel to rely extensively on cross-examination when challenging the persuasiveness of the State's evidence and its reliance on the allegedly low-quality images. This court will not second-guess appellate counsel's professional judgment or his tactical decision to not challenge defense counsel's trial strategies.

{¶ 26} Based on the foregoing, we cannot say that Smith has presented a colorable claim of ineffective assistance of appellate counsel. Accordingly, Smith's second proposed assignment of error does not provide grounds for reopening the appeal.

### D. Third Proposed Assignment of Error

{¶ 27} In his third proposed assignment of error, Smith argues appellate counsel was ineffective for failing to advance an assignment of error challenging trial counsel's failure to file a motion for severance pursuant to Crim.R. 14. Smith contends that the charges stemming from the shooting incident were separate and distinct from the drug offenses charged in Counts 10, 12, and 14 of the indictment. Smith further suggests that joinder of the dissimilar offenses "led to unconstitutional unreasonable inferences and violated [his] right to a fair trial on each of the clearly separate unrelated issues."

{¶ 28} The law favors joinder of multiple offenses in a single trial if the offenses charged "are of the same or similar character." *State v. Torres*, 66 Ohio St.2d 340, 343 (1981). Joinder is favored because it offers the benefits of "conserving time and expense, diminishing the inconvenience of witnesses and

minimizing the possibility of incongruous results in successive trials before different juries." *Id.* Relevant here, Crim.R. 8(A) allows offenses to be joined in a single indictment where they "are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan or are part of a course of criminal conduct."

{¶ 29} Crim.R. 14 allows a trial court to sever multiple offenses — try them separately — where joinder would prejudice the defendant or the State. The Ohio Supreme Court has recognized that the State may rebut a defendant's claim of prejudicial joinder by showing either (1) the evidence in the joined cases could be introduced in separate trials as "other acts" evidence under Evid.R. 404(B); or (2) by showing that the evidence as to each crime is simple and direct. *State v. Lott*, 51 Ohio St.3d 160, 163 (1990). If the State can satisfy the "simple and direct" test, an accused is not prejudiced by joinder regardless of the admissibility of the evidence under Evid.R. 404(B). *Id.*

{¶ 30} Upon review, we find the evidence used to establish the elements of each crime was simple, direct, and capable of being separated. Although drug offenses arose from events that occurred during the police investigation into the shooting death, the record shows that the State presented its evidence in an orderly fashion and without significant overlap of testimony or conflation of proof. Smith does not point to anything that suggests otherwise. Moreover, Smith has failed to establish that he was prejudiced by counsel's failure to file a motion for severance.

As previously mentioned, Smith was found not guilty of murder, felonious assault, and several of the drug-related offenses charged in the indictment. Thus, it is evident that the trier of fact could segregate the proof required for each offense without making any unreasonable inferences as Smith suggests. *See State v. Nitsche,* 2016-Ohio-3170, ¶ 95 (8th Dist.) (finding the defendant was unable to show that he was prejudiced by the trial court's denial of motion to sever where he was acquitted of one charge and convicted of other offenses).

{¶ 31} Based on the foregoing, Smith has not presented a colorable claim of ineffective assistance of appellate counsel. Accordingly, we find Smith's third proposed assignment of error does not provide grounds for reopening his appeal.

### E. Fourth Proposed Assignment of Error

{¶ 32} In his fourth proposed assignment of error, Smith argues appellate counsel was ineffective for failing to appeal the convictions for Counts 10, 12, and 14. Specifically, Smith contends that appellate counsel failed to communicate with him about these charges and filed an appellate brief without challenging the sufficiency and manifest weight of the evidence supporting his drug-possession convictions.

{¶ 33} After careful review, we find no merit to Smith's conclusory arguments. First, this court has consistently recognized that "'appellate counsel has no duty to contact the appellant, and not contacting the appellant is not ineffective assistance of appellate counsel.'" *State v. Morris*, 2024-Ohio-6190, ¶ 18 (8th Dist.), quoting *State v. Thomas*, 2015-Ohio-4486, ¶ 6 (8th Dist.). Thus, Smith's

"dissatisfaction with his appellate counsel, in not communicating with him more," is not a basis for reopening under App.R. 26(B). *State v. Anderson*, 2018-Ohio-82, ¶ 16 (8th Dist.)

{¶ 34} In addition, Smith does not support his proposed fourth assignment of error with legal argument or analysis that sets forth a colorable claim of ineffective assistance of appellate counsel. Smith broadly suggests that he was prejudiced by appellate counsel's failure to challenge the sufficiency and manifest weight of the evidence supporting his drug-possession convictions. However, Smith does not address the required elements for a drug-possession conviction under R.C. 2925.11(A), and does not articulate how the State failed to satisfy its burdens of production and persuasion with respect to Counts 10, 12, and 14. Significantly, Smith does not reconcile Detective Anthony Malone's testimony that upon execution of a search warrant for Smith's vehicle, the investigating officers located a quantity of drugs in the vehicle's center console. "Merely asserting error is not sufficient for applicant to demonstrate that both counsel's performance was deficient and that the deficient performance prejudiced him." *State v. Black*, 2017-Ohio-953, ¶ 7 (8th Dist.). Accordingly, we find Smith's fourth proposed assignment of error does not provide grounds for reopening his appeal.

### F. Fifth Proposed Assignment of Error

{¶ 35} In his fifth proposed assignment of error, Smith argues appellate counsel was ineffective for failing to advance an assignment of error challenging trial counsel's failure to file a motion to dismiss the indictment against him for selective

prosecution and prosecutorial misconduct. Smith contends that charges were maliciously pursued against him because he exercised his right to remain silent with regard to the unknown shooter on the party bus. He further suggests that the prosecution violated Ohio Professional Rules of Conduct by "bringing charges against [him] because there was no evidence that he had committed any offense other than failing to identify the actual shooter."

{¶ 36} The decision whether to prosecute a criminal offense is generally within the prosecutor's discretion. *United States v. Armstrong*, 517 U.S. 456, 464 (1996). That discretion is, however, subject to constitutional equal-protection principles, which prohibit prosecutors from selectively prosecuting individuals based on "'an unjustifiable standard such as race, religion, or other arbitrary classification.'" *Id*, quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962). Although a selective-prosecution claim is not a defense on the merits to the criminal charge itself, a defendant may raise it as an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution. *Armstrong* at 463.

{¶ 37} To establish a selective-prosecution defense, a criminal defendant must make a prima facie showing:

> (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.

*State v. Flynt*, 63 Ohio St.2d 132, 134 (1980).

{¶ 38} The defendant's burden of establishing discriminatory prosecution is a heavy one. *State v. Freeman*, 20 Ohio St.3d 55, 58 (1985). "The mere failure to prosecute other violators of the statute which appellants were charged with violating does not establish the defense of selective prosecution." *Id.* Selectivity in enforcement does not constitute a constitutional violation unless the discrimination is "intentional or purposeful." *Flynt* at 134, quoting *Snowden v. Hughes*, 321 U.S. 1, 8 (1944). Moreover, the mere existence of a potential discriminatory purpose does not, by itself, show that such purpose motivated a particular defendant's prosecution. *Freeman* at 58.

{¶ 39} After careful consideration, we are unable to conclude that the State's decision to indict Smith following the investigation into the shooting constituted improper conduct that prejudicially affected Smith's substantial rights. There is no evidence of selective prosecution or prosecutorial misconduct. Rather, the record reflects that the government's decision to select Smith for prosecution was based on permissible considerations, including the inculpatory evidence gathered by the investigating detectives. As previously determined by this court, Smith's convictions are supported by sufficient evidence and are not against the manifest weight of the evidence. *Smith* at ¶ 35-53. Thus, trial counsel was not ineffective for failing to file a motion to dismiss the indictment against him for selective prosecution and prosecutorial misconduct.

{¶ 40} Based on the foregoing, Smith has not presented a colorable claim of ineffective assistance of appellate counsel. Accordingly, we find Smith's fifth proposed assignment of error does not provide grounds for reopening his appeal.

{¶ 41} The application for reopening is denied.

_____
WILLIAM A. KLATT, JUDGE*

EILEEN A. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)